IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-96-11 (01) |
| | § | CIVIL ACTION NO. G-05-287 |
| LUIS GUILLERMO ROMERO | § | |

**OPINION AND ORDER**

Before the Court is the Motion of Luis Guillermo Romero filed pursuant to 28 U.S.C. § 2255; the motion seeks to vacate a portion of his 180 month sentence.

In the instant motion, Romero seeks relief from increases in his base offense level imposed by the District Court after finding "additional facts" relative to unalleged drug quantities and Romero's leadership role in his drug trafficking offense. In reliance on the recent Supreme Court decision in United States v. Booker, ___ U.S. ___, 160 L.Ed. 2d 621 (2005), Romero argues that the base offense level increases are unconstitutional.

Romero's conviction became final on September 16, 1999, and he had one year from that date to file a § 2255 motion. Obviously, Romero's Motion is time-barred unless Booker applies retroactively to cases on collateral review. Unfortunately, for Romero, in the opinion of this Court Booker does not so apply. The Supreme Court seems to have limited Booker's application only "to all cases on direct review." 160 L.Ed. 2d at 665 Moreover, all federal Circuits which have addressed the issue have concluded that Booker does not apply retroactively to cases that became final before its release on January 12, 2005. See Cirilo-Munoz v. United States, ___ F.3d ___, 2005 WL 858324* 5-6 (1st Cir., April 15, 2005); Guzman v. United States, ___ F.3d ___, 2005 WL 803214*2-4 (2nd Cir., April 8, 2005); Humphress v. United States, 398 F.3d 855, 860-

63 (6th Cir. 2005) (Booker not retroactively applicable under League analysis to initial Section 2255 Motion); McReynolds v. United States, 397 F.3d 479, 481, (7th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); See also United States v. Brown, 305 F.3d 304, 309 (5th Cir. 2002) (Apprendi not retroactively applicable to 2255 motions), cert. denied, 538 U.S. 1007 (2003)   In the opinion of this Court, relief under Booker is simply not available to Romero.  Consequently, Romero's § 2255 Motion is barred by the statutory limitations provisions of 28 U.S.C. § 2244(b)(1)(A) as incorporated by 28 U.S.C. § 2255.

It is, therefore, **ORDERED** that the Motion (Instrument no. 502) of Luis Guillermo Romero, brought pursuant to 28 U.S.C. § 2255, is **DISMISSED as time-barred**.

**DONE** at Galveston, Texas, this 17th day of June, 2005.

_____
Samuel B. Kent
United States District Judge

2